# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 18, 2011

Lyle W. Cayce
Clerk

No. 10-40549
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HERBERT EDWARD JAMES,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:92-CR-163-1

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Herbert Edward James, federal prisoner # 04134-078, was convicted in 1993 of various offenses involving cocaine base as well as of possession of a firearm by a felon. He received concurrent terms of life and 40 years in prison, within the guidelines range of life as calculated by the probation officer. Following 2007 amendments to the Sentencing Guidelines, the district court reduced James's sentence to concurrent terms of 360 months on all counts, at the bottom of the amended range of 360 months to life. James filed a timely notice

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-40549

of appeal.  The district court denied James leave to proceed in forma pauperis (IFP) on appeal on the basis that James did not meet the financial eligibility requirements.  James now seeks leave from this court to proceed IFP.

A movant seeking IFP status must demonstrate both that he is financially eligible and that his appeal is taken in good faith, i.e., that he will raise a nonfrivolous issue.  *Carson v. Polley*, 689 F.2d 568, 586 (5th Cir. 1982).  We need not reach whether James can show financial eligibility, because he has failed to demonstrate that his appeal will raise a nonfrivolous issue.

James argues that the district court should have considered his postsentencing rehabilitation and departed from the guidelines range on that basis, citing the Supreme Court's recent opinion in *Pepper v. United States*, 131 S. Ct. 1229 (2011), in which the Court held that on resentencing following remand, a district court had discretion to consider postsentencing rehabilitative conduct.  This argument is without merit.  A § 3582(c)(2) proceeding is not a resentencing.  *Dillon v. United States*, 130 S. Ct. 2683, 2691-92 (2010).  Sentencing courts have no authority under § 3582(c)(2) to reduce a sentence below the amended guidelines range, unless the district court originally imposed a sentence below the guidelines range, which is not the case here.  *See id.*  Thus, the district court could not have reduced James's sentence below the amended minimum of 360 months.  *See United States v. Doublin*, 572 F.3d 235, 238 (5th Cir. 2009).

Because the appeal lacks any arguable legal merit, James's IFP motion is DENIED, and his appeal is DISMISSED as frivolous.  *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2.